**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC, an Illinois limited liability company, Plaintiff, vs. HUAWEI TECHNOLOGY CO., LTD., a Chinese company, and FUTUREWEI TECHNOLOGIES, INC. dba HUAWEI TECHNOLOGIES (USA), a Texas corporation, Defendants. | No. 1:10-cv-07387 (Jury Trial Demanded) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Helferich Patent Licensing, LLC ("HPL"), by and through its undersigned counsel, complains against defendants Huawei Technology Co. Ltd. and Futurewei Technlogies, Inc. dba Huawei Technologies (USA) (jointly "Huawei"), as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 et seq., including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

## THE PARTIES

2. HPL is an Illinois limited liability company with a principal place of business at 70 W. Madison St., Three First National Plaza, Suite 1400, Chicago, IL 60602. HPL is the exclusive licensee of twenty-two (22) U.S. patents, ten (10) pending U.S. patent applications, and over a dozen related foreign patents and patent applications all relating to mobile wireless communication devices and the provision of media and content to such devices (collectively the "HPL Portfolio"). The HPL Portfolio includes the patents and applications listed in Exhibit A.

3. Defendant Huawei Technologies Co., Ltd. is a company established under the laws of the People's Republic of China with a principal place of business in Shenzhen, People's Republic of China. Huawei is a global technology company operating in numerous fields of technology including the manufacture of cellular phones.

4. Defendant Futurewei Technologies, Inc. is a Texas corporation with its headquarters in Plano, Texas. Futurewei Technologies, Inc. is a wholly owned subsidiary of Huawei Technologies Co., Ltd., and does business in the United States as Huawei Technologies (USA). Futurewei Technologies, Inc. engages in many aspects of Huawei Technologies Co., Ltd. business, including product development, customer service, technical support and sales and marketing in North America.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over both Huawei defendants because Huawei conducts substantial and continuous business in the State of Illinois and in this District, including by maintaining an office at 3601 Algonquin Road, Rolling Meadows,

IL 60008. Further, Huawei purposefully directs its infringing activities (described below) to residents of this State and District by selling and offering for sales its cellular phones to companies such as Cricket Communications, Inc. to be resold to consumers within this judicial district. Accordingly, this Court has personal jurisdiction over the defendants.

6. Venue is appropriate pursuant to 28 U.S.C. § 1391(c) and 1400(b) because, among other reasons, the Huawei defendants are subject to personal jurisdiction in this District, have a regular and established place of business in this District, and based upon acts of infringement in this District.

## BACKGROUND

7. On March 3, 2009, United States Patent No. 7,499,716 entitled "System and Method for Delivering Information to a Transmitting and Receiving Device" (the "'716 patent") issued. HPL is the exclusive licensee of all right, title, and interest in the '716 patent.

8. On December 5, 2006, United States Patent No. 7,146,157 entitled "Systems and Methods for Downloading Audio Information to a Mobile Device" (the "'157 patent") issued. HPL is the exclusive licensee of all right, title, and interest in the '157 patent.

9. On January 3, 2006, United States Patent No. 6,983,138 entitled "User Interface for Message Access" (the "'138 patent") issued. HPL is the exclusive licensee of all right, title, and interest in the '138 patent.

10. On August 1, 2000, United States Patent No. 6,097,941 entitled "User Interface for Voice Message Access" (the "'941 patent") issued. HPL is the exclusive licensee of all right, title, and interest in the '941 patent.

11. On July 11, 2000, United States Patent No. 6,087,956 entitled "Paging Transceivers and Methods for Selectively Erasing Information" (the "'716 patent") issued. HPL is the exclusive licensee of all right, title, and interest in the '956 patent.

12. The '716, '157, '138, '941, and '956 patents (the "Asserted Patents") provide for cellular phone devices and methods including, in particular, push messaging and user interfaces (e.g., in relation to SMS and MMS messaging).

13. Within the last six (6) years, Huawei has made, used, sold, offered for sale, or imported within the United States cellular phones including the following models: Huawei Ascend and M328 (the "Asserted Products").

14. On or about April 22, 2008, HPL gave written notice to Huawei of its infringement of the Asserted Patents (the '716 patent was then pending and therefore identified as application number 11/399,513). The notice provided Huawei with a detailed description of the patents, and in addition, provided detailed information including infringement charts demonstrating infringement of the patents.

15. To date, twenty-four (24) substantial cellular phone companies have agreed to a license to the Asserted Patents, including the following entities: Acer, Apple, Asustek, Casio Hitachi, Dell, HP/Palm, HTC, i-mate, Kyocera, LG Electronics, Microsoft, NEC, Panasonic, Pantech, Psion, RIM, Samsung, Sanyo, Sharp, Sony Ericsson, Toshiba, UTStarcom, Wistron, and ZTE.

## COUNT I
### (Infringement of United States Patent No. 7,499,716)

16. HPL incorporates by reference paragraphs 1 through 15 of this Complaint and realleges them as though fully set forth herein.

17. Huawei has been and is currently infringing the '716 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, or importing the Asserted Products that embody one or more of the following claims of the '716 patent within the United States: 1, 2, 51, and 52 (and likely others as determined through discovery) without authority or license from HPL.

18. In the alternative, HPL is informed and believes, and thereon alleges that Huawei has actively induced and is currently inducing the infringement of the '716 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to sell or use devices or practice methods within the United States that it knew or should have known would infringe the '716 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '716 patent.

19. More specifically, Huawei has had knowledge of HPL's '716 patent and claims since on or about April 21, 2009, the date on which HPL advised Huawei that application no. 11/399,513 issued as the '716 patent. Nevertheless, Huawei continued to make one or more of the Asserted Products available for sale or use in the United States.

20. Having placed Huawei on notice of infringement of the '716 patent more than one year ago, Huawei's infringement of the '716 patent has been and continues to be willful.

21. As a direct and proximate result of Huawei's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT II
### (Infringement of United States Patent No. 7,146,157)

22. HPL incorporates by reference paragraphs 1 through 15 of this Complaint and realleges them as though fully set forth herein.

23. HPL is informed and believes, and thereon alleges that Huawei has been and is currently infringing the '157 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, or importing the Asserted Products that embody one or more of the following claims of the '157 patent within the United States: 1, 2, 3, 4, and 5 (and likely others as determined through discovery) without authority or license from HPL.

24. In the alternative, HPL is informed and believes, and thereon alleges that Huawei has actively induced and is currently inducing the infringement of the '157 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to sell or use devices or practice methods within the United States that it knew or should have known would infringe the '157 patent without license or authority

from HPL, and further alleges that these third parties have infringed or will infringe the '157 patent.

25. More specifically, Huawei has had knowledge of HPL's '157 patent and claims since April 22, 2008 and yet continued to make one or more of the Asserted Products available for sale or use in the United States.

26. Having placed Huawei on notice of infringement of the '157 patent more than two (2) years ago, Huawei's infringement of the '157 patent has been and continues to be willful.

27. As a direct and proximate result of Huawei's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT III
### (Infringement of United States Patent No. 6,983,138)

28. HPL incorporates by reference paragraphs 1 through 15 of this Complaint and realleges them as though fully set forth herein.

29. HPL is informed and believes, and thereon alleges that Huawei has been and is currently infringing the '138 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, or importing the Asserted Products that embody one or more of the following claims of the '138 patent within the United States: 1, 4, 5, 39, 40, and 42 (and likely others as determined through discovery) without authority or license from HPL.

7

30. In the alternative, HPL is informed and believes, and thereon alleges that Huawei has actively induced and is currently inducing the infringement of the '138 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to sell or use devices or practice methods within the United States that it knew or should have known would infringe the '138 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '138 patent.

31. More specifically, Huawei has had knowledge of HPL's '138 patent and claims since April 22, 2008 and yet continued to make one or more of the Asserted Products available for sale or use in the United States.

32. Having placed Huawei on notice of infringement of the '138 patent more than two (2) years ago, Huawei's infringement of the '138 patent has been and continues to be willful.

33. As a direct and proximate result of Huawei's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT IV
### (Infringement of United States Patent No. 6,097,941)

34. HPL incorporates by reference paragraphs 1 through 15 of this Complaint and realleges them as though fully set forth herein.

35. HPL is informed and believes, and thereon alleges that Huawei has been and is currently infringing the '941 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, or importing the Asserted Products that embody one or more of the following claims of the '941 patent within the United States: 1, 5, 6, 13, 14, and 16 (and likely others as determined through discovery) without authority or license from HPL.

36. In the alternative, HPL is informed and believes, and thereon alleges that Huawei has actively induced and is currently inducing the infringement of the '941 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to sell or use devices or practice methods within the United States that it knew or should have known would infringe the '941 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '941 patent.

37. More specifically, Huawei has had knowledge of HPL's '941 patent and claims since April 22, 2008 and yet continued to make one or more of the Asserted Products available for sale or use in the United States.

38. Having placed Huawei on notice of infringement of the '941 patent more than two (2) years ago, Huawei's infringement of the '941 patent has been and continues to be willful.

39. As a direct and proximate result of Huawei's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT V
### (Infringement of United States Patent No. 6,087,956)

40. HPL incorporates by reference paragraphs 1 through 15 of this Complaint and realleges them as though fully set forth herein.

41. HPL is informed and believes, and thereon alleges that Huawei has been and is currently infringing the '956 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, or importing the Asserted Products that embody one or more of the following claims of the '956 patent within the United States: 1, 2, 13, 15, 44, 52, 53, 59, 61, 74, 77, 136, 140, 145, 149, 154, 155, 157, 160, and 161 (and likely others as determined through discovery) without authority or license from HPL.

42. In the alternative, HPL is informed and believes, and thereon alleges that Huawei has actively induced and is currently inducing the infringement of the '956 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to sell or use devices or practice methods within the United States that it

knew or should have known would infringe the '956 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '956 patent.

43. More specifically, Huawei has had knowledge of HPL's '956 patent and claims since April 22, 2008 and yet continued to make one or more of the Asserted Products available for sale or use in the United States.

44. Having placed Huawei on notice of infringement of the '956 patent more than two (2) years ago, Huawei's infringement of the '956 patent has been and continues to be willful.

45. As a direct and proximate result of Huawei's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Helferich Patent Licensing, LLC, prays for:

(a) Judgment that defendants, and each of them, have infringed, or actively induced others to infringe one or more of claims: 1, 2, 51, and 52 of the '716 patent; 1, 2, 3, 4, and 5 of the '157 patent; 1, 4, 5, 39, 40, and 42 of the '138 patent; 1, 5, 6, 13, 14, and 16 of the '941 patent; and 1, 2, 13, 15, 44, 52, 53, 59, 61, 74, 77, 136, 140, 145, 149, 154, 155, 157, 160, and 161 of the '956 patent (the "Asserted Claims").

11

(b)	A permanent injunction to be issued enjoining and restraining defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and those in active concert and participation with them, and each of them, from making, using, selling, offering for sale, or importing any products, systems or methods which fall within the scope of the Asserted Claims, and from inducing infringement of any such claims by others;

(c)	An award of damages against defendants, and each of them, adequate to compensate HPL for past infringement, together with interest and costs as fixed by the Court, such damages to be trebled because of the willful and deliberate character of the infringement;

(d)	Judgment that this case is "exceptional" in the sense of 35 U.S.C. § 285, and that HPL is entitled to an award of its reasonable attorneys' fees in the prosecution of this action; and

(e)	Such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 16th day of November, 2010.

                                      LAW OFFICES OF STEVEN G. LISA, LTD.


                                      By:	*/s/ Mildred E. Park*
                                            Mildred E. Park
                                            Attorney for Plaintiff


Steven G. Lisa (Ill. State Bar # 6187348)
Mildred E. Park (Ill. State Bar # 6293523)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210

Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona  85254
Tel.:  (480) 998-3547
Fax:  (480) 596-7956

**Exhibit A**

- U.S. Patent No. 7,627,305, titled "Systems and Methods for Adding Information to a Directory Stored in a Mobile Device," issued on December 1, 2009;

- U.S. Patent No. 7,499,716, titled "System and Method for Delivering Information to a Transmitting and Receiving Device," issued on March 3, 2009;

- U.S. Patent No. 7,403,787, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued on July 22, 2008;

- U.S. Patent No. 7,376,432, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued on May 20, 2008;

- U.S. Patent No. 7,280,838, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued October 9, 2007;

- U.S. Patent No. 7,277,716, titled "Systems and Methods for Delivering Information to a Communication Device," issued October 2, 2007;

- U.S. Patent No. 7,242,951, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued July 10, 2007;

- U.S. Patent No. 7,155,241, titled "Systems and Methods for Enabling a User of a Communication Device to Manage Remote Information," issued December 26, 2006;

- U.S. Patent No. 7,146,157, titled "Systems and Methods for Downloading Audio Information to a Mobile Device," issued December 5, 2006;

- U.S. Patent No. 7,039,428, titled "System and Method for Delivering Information to a Transmitting and Receiving Device," issued May 2, 2006;

- U.S. Patent No. 7,003,304, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued February 21, 2006;

- U.S. Patent No. 6,983,138, titled "User Interface for Message Access," issued January 3, 2006;

- U.S. Patent No. 6,826,407, titled "System and Method For Integrating Audio and Visual Messaging," issued November 30, 2004;

- U.S. Patent No. 6,696,921, titled "Transmitting and Receiving Devices and Methods for Transmitting Data to and Receiving Data from a Communications System," issued February 24, 2004;

- U.S. Patent No. 6,636,733, titled "Wireless Messaging Method," issued October 21, 2003;

- U.S. Patent No. 6,462,646, titled "Transmitting and Receiving Devices and Methods for Transmitting Data to and Receiving Data from a Communication System," issued October 8, 2002;

- U.S. Patent No. 6,459,360, titled "Networks, Communication Systems, Transmitting and Receiving Devices, and Methods for Transmitting, Receiving, and Erasing Stored Information," issued October 1, 2002;

- U.S. Patent No. 6,259,892, titled "Pager Transceivers and Methods for Performing Action on Information at Desired Times," issued July 10, 2001;

- U.S. Patent No. 6,253,061, titled "Systems and Methods for Delivering Information to a Transmitting and Receiving Device," issued June 26, 2001;

15

- U.S. Patent No. 6,233,430, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued May 15, 2001;

- U.S. Patent No. 6,097,941, titled "User Interface for Voice Message Access," issued August 1, 2000; and

- U.S. Patent No. 6,087,956, titled "Paging Transceivers and Methods for Selectively Erasing Information," issued July 11, 2000.

- U.S. Patent Application No. 12/764,025, titled "System and Method for Delivering Information to a Transmitting and Receiving Device," which is currently allowed;

- U.S. Patent Application No. 12/625,357, titled "System and Method for Integrating Audio and Visual Messaging;"

- U.S. Patent Application No. 12/580,189, titled "System And Method for Delivering Information To A Transmitting And Receiving Device;"

- U.S. Patent Application No. 12/267,453, titled "Wireless Messaging System;"

- U.S. Patent Application No. 12/367,358, titled "Content provision to subscribers via wireless transmission;"

- U.S. Patent Application No. 12/167,971, titled "System and Method for Delivering Information to a Transmitting and Receiving Device;"

- U.S. Patent Application No. 11/635,781, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," which is currently allowed;

- U.S. Patent Application No. 11/598,832, titled "Systems and Methods for Downloading Information to a Mobile Device;"

- U.S. Patent Application No. 11/598,202, titled "Wireless Messaging System;" and

- U.S. Patent Application No. 10/958,731, titled "System and Method for Integrating Audio and Visual Messaging."

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HELFERICH PATENT LICENSING, LLC, an Illinois limited liability company, Plaintiff, vs. HUAWEI TECHNOLOGY CO., LTD., a Chinese company, and FUTUREWEI TECHNOLOGIES, INC. dba HUAWEI TECHNOLOGIES (USA), a Texas corporation, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:10-cv-07387 (Jury Trial Demanded) |

**DEMAND FOR JURY TRIAL**

Plaintiff hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedures as to all issues in this lawsuit.

RESPECTFULLY SUBMITTED this 16th day of November, 2010.

                LAW OFFICES OF STEVEN G. LISA, LTD.


                By:  */s/ Mildred E. Park*
                     Mildred E. Park
                     Attorney for Plaintiff


Steven G. Lisa (Ill. State Bar # 6187348)
Mildred E. Park (Ill. State Bar # 6293523)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

Victoria Curtin (NDIL ID # 010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona  85254
Tel.:  (480) 998-3547
Fax:  (480) 596-7956